Albert H. Buschmann, J.
In this action plaintiffs seek a permanent injunction restraining and enjoining defendants from knowingly and negligently using defective and dangerous equipment for the transportation of the plaintiffs, defendants’ employees and the public.
It is alleged that plaintiffs are employees and/or persons using the subways and bus facilities provided by defendants and that defendants are and have been knowingly and negligently using and providing defective and dangerous equipment and facilities in breach of their duty to safeguard the public.
The defendant, New York City Transit Authority, operates and manages the transit facilities comprising the New York City *302 transit system. (Public Authorities Law, §§ 1202, 1204.) Defendant, William J. Eonan, is Chairman of the Board constituting the New York City Transit Authority by virtue of his holding the office of Chairman of the Board of Metropolitan Transportation Authority. (Public Authorities Law, § 1201.) Defendant, Metropolitan Transportation Authority, is a public benefit corporation whose purpose is the continuance, further development and improvement of the commuter transportation system within the City of New York and certain other counties. (Public Authorities Law, §§ 1263, 1264.)
This action was commenced in August, 1970. In September, 1970 a motion for a temporary injunction was denied and the matter was set down for trial. Prior to the trial, defendant instituted an article 78 proceeding in the Appellate Division, Second Department, to prohibit a Justice of this court from performing or taking any action in connection with this matter. The petition was dismissed as premature, since it was not clear that the Justice would have to act in excess of his jurisdiction or even what specific relief would be granted. (See Matter of Ronan v. Brown, 35 A D 2d 959.)
Plaintiffs attempted during trial to establish that certain defective and unsafe conditions exist with regard to the New York City transit system and that defendants knowingly and negligently continue to operate under such conditions in violation of their duty to safeguard the public and that, therefore, they should be enjoined. The court is of the opinion that plaintiffs have failed in such endeavor.
In regard to shortages of maintenance items and other equipment, although this may have occurred in the past, it appears that there is no substantial shortage now and, in any event, where there is a shortage there is acceptable alternative equipment available.
Although there was much testimony concerning ‘ ‘ dead motors ”, “ flat wheels ”, “ power surges ” and “ long brakes ”, there has been no showing that these conditions are affecting the safety of the plaintiffs at the present time nor that they constitute unsafe conditions. Defendant Transit Authority has set up inspection procedures to substantially remove such conditions and it appears that where a motorman believes a train to be unsafe, he has the right to take it out of service.
Plaintiffs have also failed to prove that the condition of railroad ties creates a safety problem. It was established by expert testimony that' one bad or defective tie, flanked by good ties, is not an unsafe condition and that it is the policy of the Transit *303 Authority that, where two adjacent ties are bad, they are replaced.
The testimony and other evidence submitted concerning past derailments and accidents also failed to establish that defendants are knowingly and negligently operating any defective equipment so as to constitute a danger to the plaintiffs at the present time or in the immediate future.
It is the law in this State that an individual or a group of individuals may not maintain an action for an injunction against a public agency unless he or they suffer a special injury different from that suffered by the public at large. (Schieffelin v. Komfort, 212 N. Y. 520, 530; Bull v. Stichman, 273 App. Div. 311, affd. 298 N. Y. 516, mot. for rearg. den. 300 N. Y. 460.) Plaintiffs must show a specific condition or situation which is now causing injury or which constitutes an impending danger to them. An injunction will not lie where the court would have to control and regulate a general course of official conduct and enforce the performance of official duties generally.
“ Jurisdiction has never been directly conferred upon the courts to supervise the acts of other departments of government.” (Schieffelin v. Komfort, supra, p. 530.)
“ ‘ Ordinarily it is far better that the usual course should be pursued. The interference of the Supreme Court with the details of municipal administration is not to be encouraged. These details are entrusted by the people to officers chosen directly or indirectly by themselves. These officers are criminally responsible for a willful neglect of their duties, and upon them the responsibility for the government of our cities should usually be allowed to rest. The Supreme Court is not so organized as to enable it conveniently to assume a general supervisory power over their acts; and, indeed, such an assumption by it would be contrary to the whole spirit and intent of our government.’” (Matter of International Ry. Co. v. Schwab, 203 App. Div. 68, 74, app. dsmd. 235 N. Y. 562; Perazzo v. Lindsay, 30 A D 2d 179, affd. 23 N Y 2d 764.) To entitle plaintiffs to an injunction, therefore, they must clearly show that some act is being done by defendants, or is threatened and imminent, and which would cause material injury to them. (People v. Canal Bd., 55 N. Y. 390.)
Upon all of the evidence in the instant case, there is no proof that the transit system is being operated in an unsafe manner so as to constitute a present injury or a threatened and impending danger to plaintiffs.
The court must point out that while accidents may arise out of the operation of the Transit Authority facilities in the *304 future, no proof of any impending danger has been established herein and the decision is limited to the fact that the plaintiffs have failed to establish their right to an injunction.
Accordingly, judgment is granted in favor of the defendants, dismissing the complaint.
Settle judgment.