Jacob Markowitz, J.
The stated purpose of this article 78 proceeding is to compel respondents to comply with the laws controlling noise in the New York City subways. Toward that end, petitioners, as individuals and in various official and representative capacities seek an order directing the New York City Transit Authority and the Metropolitan Transportation Authority (hereinafter referred to as M. T. A.) and their members “ to turn over immediately to petitioner, Robert Abrams ” the reports required by certain sections of the Public Authorities Law, and setting down the petition for hearing.
In opposition, respondents argue (1) that the order to show cause and petition are jurisdictionally defective, (2) that none of the Public Authority Law sections referred to (§§ 1213, 1265, 2500, and 2501) require that the reports under these sections be furnished to petitioner Abrams, either as an individual or as Borough President of The Bronx, (3) that the M. T. A. is not a proper party to this proceeding, since the New York City Transit Authority (and not the M. T. A.) runs the subways, (4) that petitioners have no standing to bring the proceeding, and (5) that the Transit Authority is making every effort to improve service, and the operating conditions of the subway, within the limited funds available to it, that the satutory duty to do so is solely in the authority, and that courts will not interfere with the operation of public agencies in the areas confided to them by the Legislature.
*940 The goal to abate subway noise levels, is, beyond cavil, meritorious. In the efforts to reach this objective, all those who ride the subways, and respondents, the State and city officials in charge, and the court, no doubt readily join petitioners. But before petitioners may, under the law, place themselves on a higher level than other citizens of the city, replace the Board of Estimate, and make demand for more than is otherwise publicly provided, indeed, before they may bring a proceeding to correct what they deem to be unsuitable conditions, they must point to damage peculiar to themselves, or some illegal act on the part of respondents or to legislative sanction to do so. Hence, when such a proceeding is brought, petitioners’ right to bring the proceeding is the threshold determination to be made by the court.
The applicable rule was reiterated many years ago in Schieffelin v. Komfort (212 N. Y. 520, 534) in a quotation from Roosevelt v. Draper (23 N. Y. 318, 323): “ As a resident citizen, and a person liable to be taxed, he has no other rights than such as are common to all of the people of the community who own property; and wte have decided upon full consideration that it requires some individual interest, distinct from that which belongs to every inhabitant of the town or county, to give the party complaining a standing in court, where it is an alleged delinquency in the administration of public affairs which is called in question.”
In short, it is the law of this State that an individual or a group of individuals may not maintain an action against a public agency for an injunction, mandatory or otherwise, whether the proceeding is considered an equity action or an article 78 proceeding (CPLR 103, subd. [c]), unless he or they suffer a special injury different from that suffered by the public at large (Carnegie v. Ronan, 67 Misc 2d 301, 303). Moreover, an injunction will not be granted where the court would have to control and regulate a general course of official conduct and enforce performance of official duties generally. Jurisdiction has never been conferred on the courts to supervise the day-today acts within their jurisdiction of other departments of government (ibid.).
(Accord Matter of Posner v. Rockefeller, 26 N Y 2d 970; see, also, Ridley v. Rockefeller, 28 N Y 2d 439.)
Petitioners urge that the petitioners who represent the parents association have such standing, for their school is specially and adversely affected because the school is located in the prox *941 imity of a subway. But the very length of the subway system and its proximity to many structures in many places renders this argument not compelling. The class to which all petitioners belong is so broad as to encompass virtually all residents of the city. As such, they have no standing to sue, absent a. showing, that some act is being done by respondents, or is threatened and imminent, which could cause material special injury to them. Petitioners have made no such showing.
So far as petitioner Abrams is concerned, concededly he has received as Borough President a copy of all reports under the Public Authority Law supplied the Board of Estimate. He is not entitled, under the law, to more than any other member of that board.
Nevertheless addressing the claim on the merits, it is clear that the relief is sought on the basis of the claimed violation^ of general standards of noise control (N. Y. City Noise Control Code [Administrative Code of City of N. Y.], § 1403.3-1.01 et seq.; Labor Law, § 200, subd. 1). In such a situation, again, mandamus will not issue where there is no objective proof of specific injury to the petitioner (Matter of Dennis v. City of New York, 49 Misc 2d 391).
Assuming the truth of the allegations in the petition, there is no reasonable basis in the record for holding that respondents’ action or inaction was arbitrary or illegal. Since this is so, the petition is insufficient on its face (Matter of Silverberg v. Board of Educ. of Union Free School Dist. No. 18, 60 Misc 2d 701, 702-703; Matter of Zara Contr. Co. v. Cohen, 45 Misc 2d 497, affid. 23 A D 2d 718).
The operation of the subways was entrusted by the Legislature to the New York City Transit Authority, under the general control of the Board of Estimtate (Public Authority Law, tit. 9). The authority assertedly has done its best in the financial bind in which all New York City agencies, the courts included, find themselves. Without a showing of an act of illegality, or a grant of power by the Legislature, neither petitioners nor the court, may arrogate to themselves second guessing the authority or the Board of Estimate, or supervising its day-today decisions and the priorities it sets on expending the available funds.
Petitioners have no standing to bring the proceeding, and the petition is without merit. The petition is accordingly dismissed.