Mario Pittoni, J.
Application under article 78 of the CPLR for an order directing respondents to admit petitioner’s son, Mark S. Fogel, to the first grade is granted.
Petitioner’s son was born on January 6, 1961, and will be six years old on January 6, 1967. The child is a resident in the district of the respondent Board of Education. In June, 1966, petitioner’s son satisfactorily completed one year of kindergarten at the Monchatea School, an unregistered nonpublic school. Respondent board concedes that the kindergarten of Monchatea provides substantially equivalent instruction to the kindergarten at the local public school. Respondent board has refused to admit this child to first grade because of its policy No. 5111 which states “If a non-public unregistered kindergarten is found to be equivalent, a child who has satisfactorily completed the kindergarten course at that school may be admitted to grade I provided he has attained the age of six on or before December 31.”
Petitioner contends that by applying this rule, the board is denying her child’s placement in first grade solely on the basis of the child’s age and by so doing is acting arbitrarily, capriciously and unreasonably.
Respondent board’s position, other than its policy, is that the admission of this child to the first grade will give a preference *642 to children attending unregistered nonpublic kindergartens over children attending registered nonpublic and public kindergartens.
The difference between unregistered and registered schools in this instance is that registered schools must maintain the same minimum age for entrance to kindergarten as the local public school, while the unregistered school does not.
In the bulletin dated August, 1965, The State Education Department states:
“1. Laws and Rulings Regarding Age of Entrance to Kindergarten And First Grade
“* * * The local board of education: * * *
“ C. May require any child entering school under the age of six to attend kindergarten and complete a year of the same provided the child has not completed a year in a kindergarten substantially equivalent to that of the local public school. ’ ’
The Commissioner of Education has ruled:
‘ ‘ A. Chronological age cannot be the sole determiner of promotion from the kindergarten to first grade. * * *
“ B. Any child who has attended and satisfactorily completed a year’s work in a kindergarten which provides substantially equivalent instruction to that of the local public school — on his entering the local public school — must be enrolled in grade one.” (Emphasis supplied.)
The Commissioner of Education has held that in a case involving a child who will not be six years of age until March 31, 1967, the only determination to be made by the local board for admission to the first grade is whether the instruction at the unregistered kindergarten was equivalent to that of the public school or in the alternative to test the child. (Matter of Lazar, No. 7661, decided Aug. 11,1966.) In this decision the Commissioner followed the August, 1965 ruling in the bulletin designated “ B ” hereinabove quoted.
Section 3202 (subd. 1) of the Education Law entitles a person over 5 and under 21 to attend a public school in the district where he resides except that a board is not required to accept a child who becomes five after December 1.
The Commissioner’s rulings have held that, within legal limits, grade placement cannot be based solely on age, but that ability and prior schooling must be evaluated. Respondent’s policy No. 5111 is an attempt to circumvent this standard by providing that regardless of the equivalency of the unregistered school and the ability of the child, the sole determinant for admission to the first grade shall be the child’s age.
In Isquith v. Levitt (137 N. Y. S. 2d 493, affd. 285 App. Div. 833), the board considered the child’s high rate of absentee *643 ism in kindergarten as well as the child’s age in denying the child’s admission to first grade. The court, in affirming the holding of the local board, quoted the decision of the Commissioner in Matter of Barrett (50 N. Y. St. Dept. Rep. 481), which held that the local board in determining grade placement must make the determination based on ability, not age.
Petitioner’s son has satisfactorily completed a year of kindergarten in an unregistered school equivalent to the local public school, he is over five years of age and within the legal limitations of section 3202 of the Education Law and he has been denied placement to first grade in the local public school solely because he will not be six years old by December 31, 1966. Petitioner’s son lacks but six days to qualify for placement to first grade under the respondents’ ruling.
Respondents’ holding here is contrary to the Commissioner of Education’s general policy as outlined in the August, 1965 bulletin and in his most recent decision. To permit respondents’ determination to stand would require petitioner’s son to repeat a course of study which he has already satisfactorily completed. It would be a disservice to this child.
A slight age difference may result from the Commissioner’s policies in first grade placement between pupils of unregistered nonpublic kindergartens and pupils of registered nonpublic and public kindergartens. However, this falls within the discretion of the Commissioner of Education.
Petitioner’s request for an order directing respondents to admit Mark S. Fogel to the first grade is granted.