Edward S. Conway, J:
This is an application by the petitioner, Jerome K. Frost, as father and natural guardian of Carl K. Frost, under CPLR article 78 for an order directing respondents to admit petitioner’s son to the kindergarten of the Haskell School located within the respondents school district for the school year beginning September, 1975.
Petitioner’s son, Carl K. Frost, was born on December 9, 1970 and will be five years old on December 9, 1975. The child is a resident in the district of the respondent board of education. In June, 1975 petitioner’s son satisfactorily completed one year at the Our Saviors Lutheran Community Nursery School, a duly accredited school located within the respondent school district, and graduated from same. On May 12, 1975 *717 petitioner requested that his son be registered and enrolled in kindergarten at the Haskell School. The enrolling officer at the said school refused to enroll the said infant on the ground that he would not be five years old until December 9, 1975 and did not meet the age requirement of five years before December 1, 1975. This same day the respondent school district affirmed the action and declined to admit petitioner’s son on the same grounds.
Respondents contend that adherence to subdivision 1 of section 3202 of the Education Law justifies their action and further that petitioner has not exhausted his administrative remedies and is thus precluded from maintaining this article 78 proceeding.
The court cannot agree with these contentions of the respondents. While it is true that subdivision 1 of section 3202 of the Education Law provides that the school board has no duty to admit a child who becomes five years of age after the school year has commenced, unless the child’s birthday occurs on or before the first day of December, the Commissioner of Education has held that children may be accepted if they are under the prescribed age as long as ability and prior schooling are evaluated (see Matter of Fogel v Goulding, 51 Misc 2d 641).
In the instant case, petitioner’s son has satisfactorily completed a year of nursery school and he has been denied admission solely on the grounds that he will not be five years old by December 1, 1975. Respondents’ position is arbitrary and capricious in this case and in the interests of justice the court will permit the child to continue his education rather than accede to arbitrary age limits.
Further, an article 78 proceeding is an appropriate vehicle in this case and appeal to the State Commissioner of Education pursuant to section 310 of the Education Law is merely an alternative, not an exclusive remedy (Lorenz v Board of Educ. of Union Free School Dist. No. 9, Town of Greenburgh, 264 NY 591; Matter of Greve v Board of Educ. of Union Free School Dist. No. 27, 72 Misc 2d 791, affd 43 AD2d 851).
Therefore, the petitioner’s application for an order directing respondents to admit Carl K. Frost to the kindergarten of the Haskell School is granted, unless the respondents shall test the infant petitioner and find his preparation is not adequate to qualify him for placement in the kindergarten and, in that case, the petitioner’s application is denied (see Matter of *718 Silverberg v Board of Educ. of Union Free School Dist. No. 18, Town of Oyster Bay, 60 Misc 2d 701).