In the Matter of JEROME R. FROST, as Father and Natural Guardian of CARL K. FROST, an Infant, Respondent, v STEPHEN YERAZUNIS et al., Appellants.

Third Department, July 1, 1976

*Martin, Noonan, Hislop, Troue & Shudt (Walter S. Wojcik* of counsel), for appellants.

*Lee, Le Forester, Frost & Hanft (Douglas P. Rutnik* of counsel), for respondent.

*McGivern, Mills & Shaw (Bernard T. McGivern* of counsel), for New York State School Boards Association, Inc. *amicus curiae.*

GREENBLOTT, J. Carl K. Frost, the infant son of petitioner, was born on December 9, 1970 and resides within the Lansingburgh School District. During the 1974-75 school year, Carl K. Frost attended a duly registered and accredited nursery school, and graduated therefrom on May 30, 1975. On or about May 12, 1975, petitioner as father and natural guardian of Carl K. Frost, appeared at the Haskell School which is within the Lansingburgh School District, for the purpose of registering and enrolling his son in kindergarten. Enrollment of the infant was refused on the ground that he would not be five years old until December 9, 1975, some eight days following the statutory cutoff date of December 1, 1975, as established by subdivision 1 of section 3202 of the Education Law. That statute provides, in pertinent part, that a person over the age of five years shall be entitled to attend the public schools maintained in the district within which such person resides, but that nothing contained therein shall require a Board of Education "to admit a child who becomes five years of age

after the school year has commenced unless his birthday occurs on or before the first of December." The Board of Education of the Lansingburgh School District has adhered to the policy of refusing to admit into its schools children who have not attained the age of five years prior to December 1 of the school year in which they seek to enroll. This article 78 proceeding was commenced and by the judgment appealed from, the court at Special Term granted the relief sought by the petitioner and directed respondents to admit Carl K. Frost to its kindergarten for the school year commencing September, 1975, upon condition that if the infant be tested and it be found that his preparation was not adequate to qualify him for placement in kindergarten, the petition would be denied.

The language of subdivision 1 of section 3202 of the Education Law which permits a Board of Education to refuse admission to a child who has not attained the age of five years on the date set forth therein is, in our view, clear and unambiguous. Thus, there is no basis for holding that respondents, having acted pursuant to such statute, have acted arbitrarily or capriciously.

The court at Special Term, in granting the requested relief, relied on *Matter of Fogel v Goulding* (51 Misc 2d 641) in reaching the conclusion that respondents had acted arbitrarily in refusing to enroll Carl K. Frost without taking into account his ability and prior education. While we approve of the holding in the *Fogel (supra)* case, we are of the view that it has been misapplied by Special Term to the facts presently before us. In *Fogel,* an infant who was to become six years old during the school year sought admission to first grade. He had already completed a course of instruction at a private kindergarten which was conceded by the Board of Education in that case to have provided substantially equivalent instruction to that provided by the kindergarten at the local public school. The court there held, in accordance with subdivision 1 of section 3202 of the Education Law, as well as policies of the State Education Department, that once a child was as a matter of law entitled to admission to public school, the question of which grade in which he was entitled to be placed was to be determined on the basis of ability and prior schooling, and not solely upon the basis of age. In the instant case, unlike *Fogel,* the infant has not attained the minimum age entitling him to admission to the public school in the first instance.

It is urged by petitioner that the determination of respondents will result in the interruption of the infant's education for one year. We do not believe this to be the case. Carl K. Frost is presently enrolled in a private kindergarten, and will be lawfully entitled to admission to the schools of the Lansingburgh School District in the school year commencing September, 1976. At that time, his eligibility for placement in first grade cannot be determined solely upon the basis of age, as was held in *Fogel,* and in opinions of the Commissioner of Education *(Matter of Kitchen,* 12 Ed Dept Rep 20 [1972]). Thus, unless testing and evaluation of Carl K. Frost establishes that at the time of his enrollment for the school year beginning September, 1976, he is not adequately prepared for entry into first grade, he will be required to be placed in first grade *(Matter of Kitchen, supra)* wherefore there will be no interruption of his education.

The judgment should be reversed, on the law and the facts, and the petition dismissed, without costs.

KOREMAN, P. J., KANE, MAHONEY and LARKIN, JJ., concur.

Judgment reversed, on the law and the facts, and petition dismissed, without costs.