Emmett J. Schnepp, J.
In this article 78 proceeding the petitioner challenges the action of the respondents in connection with the educational opportunities they afford to her 19-year-old trainable mentally retarded son, a "handicapped child” as defined in the Education Law.
Petitioner and her family have resided within the Brockport Central School District since about 1969. The boy, since the approximate age of IIV2 years, has been placed in a trainable mentally retarded special class, which was located in schools in Greece and Hilton until the end of 1971-1972 school years, thereafter for three school years, from age 15 to 18, in the Bernabi Elementary School in Spencerport, New York and for the school year 1975-1976 in Brockport High School, where there are regular grade classes 9 through 12, with children of similar chronological ages. For the 1976-1977 school year the special class has been relocated at the Bernabi Elementary School, consisting of grades 4 through 6, the chronological ages of children ranging from approximately 9 through 12 years. The claim of petitioner basically is that this class relocation constitutes a change in educational placement, places the boy with students of different chronological ages and was made by the respondents without compliance with the procedural requirements demanded by section 200.10 of the regulations of the Commissioner of Education (8 NYCRR 200.10) adopted on March 30, 1976, effective May 1, 1976 and the provisions of chapter 853 of the Laws of 1976, effective July 1, 1976. (Education Law, art 89, § 4401 et seq.)
The second supervisory district of the respondent, Board of Co-operative Educational Services (BOCES), comprises the respondent Brockport Central School District and eight additional local school districts, who contract with BOCES for special services or programs for children with handicapping conditions. BOCES personnel teach the special class and schedule its location in available facilities within a local school district in its supervisory area.
Following the annual review of the space and facilities *553 available at the several local districts within BOCES for this special class of trainable mentally retarded students for the current school year, BOCES officials advised the directors of instruction for the local districts on February 11, 1976 that this special class was to be relocated, on March 10, 1976 informed the directors of the decision to relocate the class at Bernabi and on March 30, 1976 notified the chief school officers and pupil personnel service directors for each district of this relocation. On June 28, Í976 BOCES informed the parents of these students by letter of the new class location. Petitioner’s objections to the relocation of the class were expressed at a meeting with a group of parents on July 28, 1976 and further verbal objections were made to BOCES personnel on August 3, 1976. The change of placement decision was approved by district school representatives and the BOCES Board of Education on August 17, 1976 and on August 18, 1976 petitioner again voiced objections at a meeting of parents, which had been scheduled by BOCES.
Section 4402 of the Education Law directs the board of education of each school district to ascertain the number of handicapped children in such district and the nature of the handicapping condition of each child. Each board of education is directed to either establish or share the services of a committee on the handicapped, composed of specialized personnel, and charged with the responsibility of identifying, reviewing and evaluating at least annually the status of each handicapped child and making recommendations to the parent and school board "as to appropriate educational programs and placement”. The committee is required to provide written prior notice to the parents whenever a modification or change, among other things, of the "educational placement of the child” is planned and advise the parent of his opportunity to address the committee on the propriety of the recommendations on "program placement”. The board of education is required either to furnish suitable educational opportunities for handicapped children by one of the "special services or programs” listed in section 4401 of the Education Law or to contract therefore upon recommendation of the committee on the handicapped. "Special services or programs” as defined in the act include special classes, part-time programs, home instruction, special teachers, contracts with other districts, among other things. The commissioner’s regulations concerning "Handicapped Children” defines a "special class” as "a *554 class consisting of handicapped children who have been grouped together because of similar educational needs for the purpose of being provided a program of special education under the direction of a certified special class teacher.” (8 NYCRR 200.1 jj].) The regulations also provide for the appointment and function of a committee on the handicapped in each school district, the duties of which include a review and evaluation of all relative information pertinent to each handicapped child, including factors which may contribute to the handicapping condition and recommendations as to appropriate "educational programs and placement”, among other things. (8 NYCRR 200.2 [b].) Section 200.3 of the regulations concerns special classes under the heading "Educational programs” and provides that (8 NYCRR 200.3 [b]) "Where the handicapping condition does not preclude functional participation in activities with non-handicapped children special classes shall be located in public school buildings where there are classes of regular grade children of similar chronological ages in order to promote integration of handicapped children into regular school activities. Adequate classroom space, facilities and equipment shall be provided for each class.” Under this heading the regulation makes specific reference to special classes for "trainable mentally retarded” and limits the chronological age range and total enrollment in a special class and sets forth other requirements. Section 4404 of the Education Law secures the rights of the parents by making provision for appeal procedures from unacceptable recommendations of the committee on the handicapped, which includes at the local level an impartial hearing officer to hear the appeal and make a recommendation to the board of education. Provision is also made for review by the Commissioner of Education and thereafter review by the court. Section 200.10 of the regulations entitled "Procedural due process in identification, evaluation and educational placement” requires the giving of notice to the parents of the recommendations of the committee on the handicapped, including the providing of specific information relative to the proposed classification of each child believed to possess a handicapping condition and the reasons therefore, among other things, and further notice if a change in the child’s "educational program or placement” is recommended to the school. This regulation outlines in detail the procedural steps available to a parent for a formal hearing and for State administrative and court review. It is conceded that the due process requirements were not complied with in relocating the class.
*555 The contention by respondents that this proceeding should be dismissed because the petitioner has failed to exhaust available administrative remedies by an appeal or petition to the Commissioner of Education pursuant to section 310 of the Education Law, as amended, may be readily disposed of. Petitioner here seeks to compel performance of a duty specifically enjoined by law and claims that the respondents acted in violation of an express statute and her constitutional rights. Essentially, the court is not dealing here with administrative action, but with the interpretation of a statute and the claimed violation of due process requirements. Under these circumstances this court has jurisdiction to determine this proceeding. (O’Connor v Emerson, 196 App Div 807, affd without opn 232 NY 561; Matter of Stillman v School Dist., 60 Misc 2d 819, affd 34 AD2d 553; Matter of Frost v Yerazunis 82 Misc 2d 716.) However, this is not to say that there are not factual circumstances in this case, where an appeal to the Commissioner of Education may be appropriate.
Respondents further contend that the purpose of the foregoing law and regulations is to permit parent participation and, if necessary, informal and formal hearings regarding the initial placement of an individual child in a handicapped classification or a recommended subsequent change, not including the location of classes for handicapped students, claimed to be a matter within the discretion of BOCES after evaluation of available space, location, facilities and other relevant criteria. It further contends, without conceding that the relocation decision is subject to the procedural requirements, that the determination in any event predated the effective date of both the regulations and law, which are thus inapplicable.
The court holds that the "Procedural due process [etc]” requirements under the regulations and the "Appeal procedures for handicapped children” under section 4404 of the Education Law are not applicable to the facts and circumstances under review. The nature of the handicapping condition of petitioner’s son has been identified as "trainable mentally retarded” and he has been furnished educational opportunity by a special service or program consisting of a special class. The responsibility of the committee on the handicapped, among other things, is to identify, review and evaluate at least annually the status of each handicapped child, make *556 recommendations as to appropriate educational programs and placement, including contracts for special services or programs, and to follow certain procedures whenever a modification or change is planned in these areas. The regulations recognize various handicapping conditions requiring special classes for physical and emotional reasons and for educable mentally retarded and trainable mentally retarded (8 NYCRR 200.7). Here the identification of this boy and the provision for the special class for trainable mentally retarded children remains the same, only the location of the class is changed. No modification of the identity or special service is planned. Contracts by the local school district for a special service or program, requiring the recommendation of the committee on the handicapped, might well relate to the location of a special service if made with a school approved by the commissioner within or without the State, as authorized by law, and which a parent might consider inappropriate, but that is not the case here. Otherwise, both law and recommendations are silent respecting the specific location of a special class. No recommendation of the committee on the handicapped is required in connection with the location of the special class within the BOCES supervisory district. Provision is made for the size of the special class, the chronological age of the children assigned to the class and the qualifications of the class teachers and an appeal to the commissioner for relief from a failure to follow these requirements would be appropriate. Once, however, the recommendation of the committee on the handicapped has been made and the parent notified, its function ceases. In the case of class location within the district, no recommendation of the committee on the handicapped is required and neither the appeal procedures under the law nor the procedural due process requirements of the regulations, not inconsistent with the statute, apply.
The law would be cumbersome, the duties of the committee onerous and the burdens on school district intolerable, if every decision relating to details of the educational program for handicapped children, other than the important underlying educational needs of the handicapped child as expressed in the statute, were subject to the consent of a parent, the scrutiny of a hearing officer and the appeals procedure provided by the new law. The discretion of school district personnel with special expertise would be unduly burdened. This goes beyond the purpose of the legislation in establishing a rational and *557 equitable approach to the educational needs of these children and in recognizing that educational policy affecting these children should not be made without parental participation. It was not the intent of the legislation to prescribe that all determinations, other than those specifically required by law to be made by the committee, be subjected to review proceedings, which were designed solely to insure parental participation in decisional educational planning and policy affecting the handicapped child. Here a contract for the special services is with BOCES, and the specific location of the special class within the BOCES supervisory district is a matter within its competence. The proofs before the court reflect that the action of BOCES in relocating the class was within State Education Department guidelines, involved a judgment, which required the weighing and balancing of several factors and was not arbitrary or capricious or in violation of the law or regulations. In any event, if a parent considered that this action was arbitrary and without a rational basis, the proper area to seek relief in the first instance is by appeal or petition to the Commissioner of Education, pursuant to the provisions of section 310 of the Education Law.
The law and regulations apply to the current school year and the contention by the respondents that it should not be applied retroactively, because the decisional process occurred prior to the effective date of both the regulations and the law, is without merit. Within the time frame involved, any change in the identity of the handicapped child or educational program is subject to the current law and applicable regulations. However, petitioner does not contend that the placement of the child or the special services or programs provided, other than the class location, is inappropriate and in this area the court finds that respondents have not failed to comply with the existing law and regulations.
The proceeding is dismissed.