Hast, J.
 

 The questions presented to the court are whether the relator could withdraw his resignation as
 
 *245
 
 a teacher before it was accepted by resolution of the board of education and whether relator was notified prior to March 31, 1946, of the intention of the board of education not to renew his contract for the year 1946-47, as required by statute.
 

 This court holds that the relator could withdraw his resignation at any time before it was acted upon by the board of education and, relator having done so before March 31, 1946, it remained incumbent upon the respondent board to notify relator prior to March 31, 1946, that his contract would not be renewed for the ensuing year if the board desired to terminate the right of relator to a renewal contract.
 

 The remaining question is whether such notice was given. Section 4842-8, General Code, provides in-part as follows:
 

 “Any teacher employed under a limited contract shall at the expiration of such limited contract be deemed re-employed under the provisions of this act at the same salary plus any increment provided by the salary schedule unless the employing board shall give such teacher written notice on or before the thirty-first day of March of its intention not to re-employ him. Such teacher shall be presumed to have accepted such employment unless he shall notify the board of education in writing to the contrary on or before the first day of June * *
 

 Since, under the statute, a teacher holding a limited contract is automatically deemed re-employed unless the “employing board shall give such teacher written notice on or before the thirty-first day of March of its intention not to re-employ him,” it would seem to follow that the determination not to re-employ must be reached by the same formality and solemnity as was required to effect his original employment. In other words, it would require board action at a regular meet
 
 *246
 
 ing, or a special meeting for that purpose, followed by written notice to the teacher of the action so taken to prevent the automatic renewal of his contract. See
 
 McCortle
 
 v.
 
 Bates,
 
 29 Ohio St., 419, 422, 23 Am. Rep., 758. In the instant case the respondent board took such action on April 9, 1946, but failed to do- so within the time required by statute.
 

 It is claimed by the- respondent board that, since the •superintendent of schools is by Section 4842, General Code, made an executive officer of the board, his notification to the relator of an intention not to re-employ him ' was sufficient, and that by reason of the .superintendent’s position he could act for the board and did so act. However, the employment of .teachers was beyond the scope of the function of the superintendent as indicated by the terms of the statute itself (Section 4842-6, General Code).
 

 It is also claimed by the respondent that the superintendent of schools in this respect acted in accordance with the custom and practice-prevailing throughout the state, and that his action constituted a due compliance with the statute. This court takes the view that the terms of the statute are not satisfied by such attempted •compliance.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Zimmerman, Sohngen and Stewart, JJ., concur.
 

 Turner, J., dissents.