Bertram Harnett, J.
The petitioner seeks an order directing the Board of Education of Union Free School District No. 18, Town of Oyster Bay, to register her son, Brett Dana 'Silverberg, in the first grade, claiming that he is qualified to bypass the public kindergarten on the basis of his previous private kindergarten school record. The Board of Education, as a matter of declared policy, will not admit a pupil to first grade unless he has satisfactorily completed a year of kindergarten in a duly registered kindergarten, or one which provides substantially equivalent instruction. Brett, born February 4, 1964, did not *702 attend the Union Free School District No. 18 kindergarten. However, he did complete kindergarten at Monchatea school, a private kindergarten which has not been registered with the State Education Department.
The Board of Education has not as yet determined whether Monchatea provides an education substantially equivalent to the kindergarten instruction in the public schools, and informed Mrs. Silverberg that it would not register Brett in first grade. It advised her to register Brett in kindergarten where he would be tested to determine if his preparation at Monchatea was substantially equivalent to public kindergarten instruction. These tests have not as yet been completed.
The application is denied and the petition is dismissed.
In an article 78 proceeding, the question which the court must determine is whether an administrative body acted arbitrarily, capriciously or unreasonably. It cannot substitute its judgment for that of the board, but must uphold the determination of the board if there is a rational basis for it (Thayer v. Baybutt, 29 A D 2d 486; Matter of Davison v. Segor, 24 A D 2d 797).
From the papers submitted in this application, it appears that the board is acting within the policies of the State Education Department. Contrary to the contentions of the petitioner, the board did not base its decision to register the boy in kindergarten, and not in first grade, solely on the fact that he will not have reached the age of six by December, 1969. To be fully accurate, the board has not made any decision. It has stated that it will test Brett to determine whether his preparation at Monchatea would qualify him for placement in the first grade. In doing so, it has fully complied with the guidelines laid down by the State Commissioner of Education in Matter of Lazar (6 St. Educ. Dept. Repts, pp. 7, 9), where it was said: “ The alternatives open to the board at this time are either the evaluation of the non-public school program or a testing program which would establish the ability of the child to do first grade work.” A testing program is authorized in the Lazar decision and a testing program will be administered to Brett by the board.
The case of Matter of Fogel v. Goulding (51 Misc 2d 641) cited by the petitioner is distinguishable. In that case, the Board of Education of a different school district had conceded that the instruction provided by the Monchatea school was, in fact, substantially equivalent to that in the kindergarten program in its own district and had based its refusal to admit the petitioner’s son to the first grade on the grounds that he would not reach six years of age by December 31. There is no such *703 recognition of the Monchatea school by the board in the instant situation. It has chosen to ascertain the qualifications of Brett Dana Silverberg for the first grade through a testing program. This court cannot find that its decision to do so is arbitrary, capricious or unreasonable, and, accordingly, the petition is dismissed.