ANGELA MORGAN, by her Father and Next Friend, CLIFFORD MORGAN, Plaintiff-Appellee, *v.* THE BOARD OF EDUCATION, TRICO COMMUNITY UNIT SCHOOL DISTRICT No. 176, *et al.*, Defendants-Appellants.

(No. 74-11; )

Fifth District—September 11, 1974.

R. N. Gandy and R. K. Peek, both of Du Quoin, for appellants.

Douglas A. Ingold, of Land of Lincoln Legal Assistance Foundation, of Carbondale, and Thomas M. Vaught, for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This action was brought to enjoin the defendant school district from retaining the plaintiff, Angela Morgan, in kindergarten and to obtain a declaratory judgment that the plaintiff be entitled to attend the first grade. The Circuit Court of Jackson County, Illinois, granted both a temporary and permanent injunction enjoining the defendant from refusing to allow Angela Morgan to enroll in the first grade and ordered that she be admitted to the first grade. It is from that order this appeal was taken.

The facts in this case are not in dispute. Pursuant to section 10—20.19a of the School Code (Ill. Rev. Stat. 1973, ch. 122, § 10—20.19a), which became effective after July 1, 1970, the defendant Trico School District established a kindergarten as an integral part of the school system, integrated with grades one through six. During the 1972-73 school year, the defendant school board incorporated into its curriculum a "readiness test" to be administered to all students entering the first grade from kindergarten. All students who wished to enter the first grade were required to take the "readiness test" and pass it.

At age 5, the plaintiff Angela Morgan entered the Trico school system attending the kindergarten class during the 1972-1973 school year. Her teacher, Karen Conner, testified that she attended irregularly, being absent a total of 40 days during the school year. At the end of her year

in kindergarten Angela was given the "readiness test," but did not pass. Her teacher therefore recommended that she be retained in kindergarten.

During the summer of 1973, Angela was enrolled in the summer session of the Trico school system. At the end of the summer session and prior to the commencement of the 1973-1974 school year, Angela was again given the "readiness test" and the results indicated that she had made no progress during the summer session. As a result, she was refused admission to the first grade when her parents tried to enroll her in the first grade at the beginning of the 1973-1974 school year. It is important to note that the attorneys representing both sides and the trial court itself were not interested in the validity of the testing procedure, and therefore this is not an issue to be concerned with on appeal.

Disturbed by the defendant's refusal to permit their daughter to enroll in first grade, Angela's parents brought this action which caused the defendant to be enjoined from preventing Angela's enrollment.

The substantive issue on appeal involves the question of whether or not the defendant school system has the statutory authority to retain a 6-year-old child in kindergarten, because of her inability to successfully complete a "readiness test" required of all children passing from kindergarten to first grade in the Trico school system. The defendant-appellant argues that the Illinois School Code (Ill. Rev. Stat. 1973, ch. 122, §§ 1—1 to 36—1) grants the school board the duty and authority to establish different grades and adopt regulations for the admission of pupils into them. It contends that kindergarten is a grade within the school system, that once a pupil has entered the school system that pupil is subject to the rules and regulations of the school board and their administrators, and that once enrolled in kindergarten a pupil may be required to meet a minimum standard of achievement or knowledge before that child will be permitted to go on to first grade.

On the other hand, the plaintiff-appellee argues that under Illinois law there is no requirement that a child attend kindergarten. While it is mandatory for school boards to provide a kindergarten (Ill. Rev. Stat. 1973, ch. 122, § 10—20.19a), plaintiff argues that the law does not mandate that parents send their children to a kindergarten, since section 26—1 of the School Code (Ill. Rev. Stat. 1973, ch. 122, § 26—1) makes it the duty of parents of children between the ages of 7 and 16 years to see that they attend some public school and section 10—22.18 of the School Code (Ill. Rev. Stat. (1973), ch. 122 § 10—22.18) manifests an intent by the legislature that kindergartens be established for the instruction of children between the ages of 4 and 6 years only. Furthermore, plaintiff argues that since the School Code requires, first, that each school board provide for a minimum school term of at least 185 days to insure

176 days of actual pupil attendance (Ill. Rev. Stat. 1973, ch. 122, § 10—19) and secondly, that each school board has a duty to establish "a sufficient number of free schools for the accommodation of all persons * * * over the age of 6 and under 21 years, and to secure for all such persons the right and opportunity to an equal education in such schools" (Ill. Rev. Stat. 1973, ch. 122, § 10—20.12), and since the Trico school district conducts kindergarten for a half day only, the retention of Angela in kindergarten would in effect deny her the right to a free and equal education. And lastly, the plaintiff contends that a kindergarten program designed for children between 5 and 7 years of age, such as Trico's, contravenes Illinois law and public policy to the extent that kindergarten was designed for children between the ages of 4 and 6 years. Ill. Rev. Stat. 1973, ch. 122, § 10—22.18.

The trial court, in rendering its decision, found that although a school district is required to maintain a kindergarten, there is no corresponding duty to attend kindergarten, and, in that Angela was denied enrollment in first grade, she was denied equal protection of the laws. The court found significant testimony that children who move into the district were treated differently. Those who were certified as having completed kindergarten in another district were not subjected to the same "readiness tests" as youngsters moving from the Trico kindergarten to first grade, even though the other district might have vastly different standards. Even if the Trico school district received a 7-year-old from another system who had *not* attended kindergarten, he would be placed in the first grade.

No Illinois cases deal with this issue. We are, therefore, faced with an issue of first impression. The problem is essentially one of statutory interpretation, defining the scope of and limits to a school board's power. In order to effectively deal with the issue, it is necessary to first consider the applicable statutes involved. Illinois law requires that such school board provide a minimum school term of 185 days to insure 176 days of actual pupil attendance. (Ill. Rev. Stat. 1973, ch. 122, § 10—19.) The school board has a duty to establish and keep in operation during a school term a sufficient number of free schools to accommodate all persons in its district over the age of 6 and under 21 years, and to secure for all such persons the right and opportunity to an equal education in such schools. (Ill. Rev. Stat. 1973, ch. 122, § 10—20.12.) Under section 10—20.19a of the School Code (Ill. Rev. Stat. 1973, ch. 122, § 10—20.19a) the school board has a *duty* to establish and maintain kindergartens for children in accordance with rules and regulations prescribed by the Superintendent of Public Instruction. And under section 10—21.2 of the School Code (Ill. Rev. Stat. 1973, ch. 122, § 10—21.2) the school

board has a duty to establish schools of different grades and to adopt regulations for the admission of pupils into them.

Prior to the passage of section 10—20.19a, the school board had the *power* to establish kindergartens for the instruction of children between the ages of 4 and 6 years, if the public interest required it and the board received a petition from 50 parents or guardians of children between the ages of 4 and 6 years requesting a kindergarten. (Ill. Rev. Stat. 1973, ch. 122, § 10—22.18.) Even though section 10—20.19a makes the establishment of kindergartens mandatory, section 10—22.18 manifests the intent of the Illinois legislature that kindergartens are for children between the ages of 4 and 6 years.

Article 26 of the School Code deals with the compulsory attendance of pupils. Whoever has custody or control of any child between the ages of 7 and 16 years must see that the child attends some public school. (Ill. Rev. Stat. 1973, ch. 122, § 26—1.) And, any person having custody or control of a child who is below the age of 7 or above the age of 16 years and who is enrolled in any of the grades 1 through 12 must see that he attends the public school. Ill. Rev. Stat. 1973, ch. 122 § 26—2.

Since kindergarten was intended by the legislature to be for children between the ages of 4 to 6 years, and there is no statutory requirement that a child under 7 years of age attend school unless he is enrolled in grades 1 through 12, it appears that there is no statutory requirement that a child attend kindergarten before first grade. The defendant-appellant, however, has argued that the Trico school board has established a kindergarten in compliance with section 10—20.19a, and pursuant to section 10—21.2 has made kindergarten a grade and required that each child must pass a "readiness test" after kindergarten before he will be permitted to enroll in first grade. In support of this argument defendant cites a legal opinion by the legal division of the office of the Superintendent of Public Instruction dated November 30, 1971, which concludes that sections 10—20.19a and 10—21.2, when read in conjunction with one another, permit a school board in the exercise of its reasonable judgment to require students to attend kindergarten as a prerequisite to first grade and to exercise its discretion in placing children in any grade level. The citation of authorities for that opinion is devoid of Illinois case law, but includes three New York cases which express different views on the subject.

The opinion states that New York educational law requires that children from 7 to 16 years of age must attend school and that schools may offer kindergarten to children between the ages of 4 and 6. In the case of *Isquith v. Levitt*, 137 N.Y.S. 2d 493 (1954), the plaintiff brought an

action to compel the board of education to register his 5-year-old in first grade. The school board refused the enrollment because the child had not attended kindergarten. Plaintiff alleged that the school board could not force his child to attend kindergarten since New York law did not make such attendance mandatory. The court held that once a kindergarten has been made a part of the educational system pursuant to school board discretion, the board has the power to promote rules and regulations for promotions based upon ability and not age. While a child of 5 is entitled to attend public school, the court held that his parents could not insist that the child be admitted to a particular grade. And in the later case of *Silverberg v. Board of Education*, 60 Misc. 2d 701, 303 N.Y.S. 2d 816 (1969), testing was supported as a basis for placement.

However, a contrary opinion was expressed in the case of *In re Winters*, 208 Misc. 953, 146 N.Y.S. 2d 107 (1955), wherein the parents tried to enroll their 7-year-old in the first grade in 1955-56. The child attended all but a small part of kindergarten in the 1953-54 school year and did not attend school in 1954-55. She was denied admittance to the first grade after she failed to pass a readiness test. The court held that since kindergarten was a permissive grade not required by statute, a child could not be compelled to attend kindergarten.

On the rationale of these opinions, the legal adviser concluded that *Isquith* represents the better view and that unlike New York, kindergarten is part of the mandated educational system of Illinois. Since section 10—20—19a requires that kindergartens be established pursuant to the rules and regulations of the Superintendent of Public Instruction and since it is generally held that school boards are empowered with the authority to establish and maintain standards for the promotion of pupils from one grade to another (Ill. Rev. Stat. 1973, ch. 122, § 10—21.2; *Creyhon v. Board of Education*, 99 Kan. 824, 163 P. 145 (1917); *Barnard v. Inhabitants of Shelburne*, 216 Mass. 19, 102 N.E. 1095 (1913)), the appellate court is generally *not* at liberty to interfere with the discretionary authority vested in a school board absent arbitrary or capricious action. *Randolph v. School Unit 201*, 132 Ill.App.2d 936, 270 N.E.2d 50 (1971).

■■ On the other hand, it is undeniably a judicial function to determine and follow, where it is not legally interdicted, legislative intention. (*Wigginton v. Reichold Chemicals, Inc.*, 133 Ill.App.2d 776, 274 N.E.2d 118 (1971).) And furthermore, an appellate court is not free to ignore the plain language of a statute. (*Provus v. Board of Education*, 11 Ill. App.3d 1058, 298 N.E.2d 405 (1973).) While it may be the function of the legal advisor to the Superintendent of Public Instruction to interpret the School Code and while the defendant in the case at bar seemed

to follow his opinion in exercising its discretion, it is the function of this court to render a definitive ruling on the meaning of the School Code.

■■ As was mentioned above, a reading of the applicable statutory provisions indicates that kindergarten is intended to be for children between 4 and 6 years of age and that attendance is mandatory for a child younger than 7 only if that child is enrolled in grades 1 through 12; therefore, although kindergarten must be established by the school board, it is not mandatory that children attend kindergarten. In addition, the law requires that a school board establish free schools each year during a school term of at least the minimum length for all persons over the age of 6 and under 12 years. (Ill. Rev. Stat. 1973, ch. 122, § 10—20.12.) Since Angela is 6 years old and the Trico school district only conducts kindergarten for half-day sessions, her retention in kindergarten would mean that she would not attend a school term of the minimum length of 185 days. Furthermore, section 10—20.12 requires that the school board secure for all persons in the district the right and opportunity for an equal education. Since children who attend the Trico school system kindergarten must pass the "readiness test" to move to first grade, but 7-year-olds who move into the Trico system are automatically registered in first grade without being tested, the children in the Trico district are being denied an opportunity for an equal education and equal protection of the law.

For the foregoing reasons the judgment is affirmed.

Judgment affirmed.

CREBS and CARTER, JJ., concur.