IOWA-ILLINOIS GAS AND ELECTRIC COMPANY *et al.*, Plaintiffs-Appellees, *v.* ILLINOIS COMMERCE COMMISSION, Defendant-Appellant.— (COMMUNITY THRIFT CLUBS *et al.*, Intervenors-Appellants.)

Third District    No. 80-102

Opinion filed December 22, 1980.

William J. Scott, Attorney General, Stefan H. Krieger, of Mandel Legal Aid Clinic, Daniel W. Rosenblum, of Legal Assistance Foundation, Nelson Brown, of Northwest Legal Services, and Thomas J. Swabowski, all of Chicago (Hercules F. Bolos, Special Assistant Attorney General, John Berringer, Charles M. Kennedy, and Marilyn Klawiter, law students, of counsel), for appellants.

Joseph M. Wells, Paul E. Goldstein, and George Mariner, all of the Peoples Gas, Light & Coke Company, and Peter B. Freeman, of Hopkins, Sutter, Mulroy, Davis & Cromartie, both of Chicago, for appellee Peoples Gas, Light & Coke Company.

William H. Bailey, of Califf, Harper, Fox & Dailey, of Moline, and Edward J. Hartman and Brent E. Gale, both of Davenport, for appellee Iowa-Illinois Gas & Electric Co.

Carol J. Hansen Fines, of Griffin, Winning, Lindner, Newkirk, Cohen & Bodewes, of Springfield, for *amicus curiae* Illinois Association of Community Action Agencies.

Robert A. Helman, Stephen J. Mattson, and Douglas G. Coulter, all of Mayer, Brown & Platt, of Chicago, for *amicus curiae* Northern Illinois Gas Company.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Rock Island County which set aside an order of the Illinois Commerce Commission which established special rules governing the termination of residential gas and electric service rendered by public utilities. In June 1979, the House and the Senate of the Illinois General Assembly adopted resolutions calling for a one-year trial program prohibiting the involuntary termination of residential gas service during the period from November 1, 1979, to April 1, 1980. Upon receipt of these resolutions, the Illinois Commerce Commission (Commission) entered into an investigation of the matter. Due to the quickly approaching winter season the Commission dispensed with its usual rule-making procedures and held hearings pursuant to the emergency procedures permitted by the Administrative Procedures Act (Ill. Rev. Stat. 1979, ch. 127, par. 1005.02). On October 10, 1979, the Commission issued a resolution establishing hearings in four cities throughout the State for the purpose of receiving evidence and statements concerning a moratorium on involuntary termination of residential gas and electric service. Peoples Gas, North Shore Gas and Iowa-Illinois Gas appeared at and participated in the hearings.

On November 2, 1979, the Commission issued its order adopting, as of December 1, 1979, Special Rules A and B which established temporary terms and procedures regarding the termination of residential gas and electric service. These rules expired on April 1, 1980.

On November 28, 1979, Peoples Gas and North Shore Gas filed a complaint for injunctive relief in the circuit court of Cook County. Iowa-Illinois Gas filed a similar complaint in the circuit court of Rock Island County. The same day Peoples and North Shore requested and obtained a hearing on an emergency motion for a temporary restraining order and preliminary injunction. This motion was denied. An interlocutory appeal was taken. After argument on the merits of the interlocutory appeal, Peoples and North Shore obtained a dismissal of their appeal on the grounds of mootness in order to pursue their statutory appeal of the Commission order.

The statutory appeals of Peoples Gas and North Shore Gas were transferred from the circuit court of Cook County to the circuit court of Rock Island County and consolidated with the statutory appeal of Iowa-Illinois Gas. In the Rock Island Circuit Court, all three utilities obtained stays of the Commission order and Special Rules pending their interlocutory appeals. (These interlocutory appeals were dismissed upon

entry of the circuit court's final order.) On February 21, 1980, the circuit court set aside the Commission's Order and Special Rules. This court thereafter entered an order staying the order of the circuit court. Thereafter, this appeal was filed.

■■ We hold the issues raised on this appeal are moot. The Special Rules expired on April 1, 1980, and no longer govern utility service termination and credit terms. Therefore, any case or controversy based on these rules is moot. Whatever the decision of this court on these issues, the opinion would be merely advisory, with no practical legal effect on any existing question.

■■ The parties contend that we should decide the issues of the case despite the case's mootness. A well-recognized exception exists to the general rule that a case which has become moot will be dismissed on appeal. When issues are of substantial public interest they may be decided on appeal despite the mootness of the case. Criteria to be considered in determining the existence of the requisite degree of public interest include the likelihood of future occurrence of the issue, the public or private nature of the issue, and the desirability of an authoritative determination for future guidance of public officers. *People ex. rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 104 N.E.2d 769.

We decline to decide the case under this exception. The rulings we would make would be evidentiary in nature, unique to the instant case and not likely to be repeated. Because the hearings were rushed, the evidence was incomplete. We do not believe it is desirable to decide the issues in a case which is evidentiary in nature where the evidence is incomplete. It is far more desirable to let these issues be decided in a case in which there has been sufficient time to gather all the necessary evidence. For these reasons, we believe it is inappropriate to decide this case.

We therefore remand this case to the trial court with directions that it vacate its judgment heretofore entered.

Remanded.

BARRY and SCOTT, JJ., concur.