JOAN M. BRAUGHT, Plaintiff-Appellant, v. THE BOARD OF EDUCATION OF MOUNT PROSPECT PUBLIC SCHOOL DISTRICT No. 57 *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 83—2113

Opinion filed September 11, 1985.

Wayne Schwartzman & Associates, of Chicago (Wayne Schwartzman and Dale D. Pierson, of counsel), for appellant.

Ancel, Glink, Diamond, Murphy & Cope, P.C., of Chicago (John B. Murphey, of counsel), for appellees Board of Education of Mount Prospect Public School District No. 57 and Earl L. Sutter.

JUSTICE McGILLICUDDY delivered the opinion of the court:

The plaintiff, Joan M. Braught, filed this action for breach of employment contract in the circuit court of Cook County against the defendants, the board of education of Mount Prospect School District No. 57 (board); Earl L. Sutter, individually and as superintendent of

School District No. 57 (Sutter); and Employee Benefit Claims, Inc., an Illinois corporation. The trial court granted the motion of Sutter and the board to dismiss the complaint as to count I. Plaintiff appeals. The sole issue presented for our review is whether the trial court erred in dismissing count I based on its finding that the board properly accepted plaintiff's resignation and hired a replacement teacher.

On January 5, 1983, the plaintiff filed an eight-count complaint. Count I charged that the board and Sutter breached her employment contract. It alleged that the plaintiff was a certified, tenured elementary school teacher who had been employed by the board since 1964; that in July 1982, she received from the board her teaching assignment for the 1982-83 school year; that on August 25, 1982, she offered to resign; that on or about September 17, 1982, her agent advised Sutter verbally and by letter that her offer to resign was withdrawn and that she was ready, willing and able to resume her teaching duties; and that the board and Sutter refused to assign her to teaching duties for the 1982-83 school year. Count I sought an order requiring the board to return plaintiff to her full-time position as a classroom teacher, and awarding back pay, lost benefits, costs and attorney fees. Counts II through VIII are not at issue in this appeal.

On April 18, 1983, the board and Sutter filed a motion to strike and dismiss the complaint. Attached to the motion were copies of plaintiff's letter of resignation and her agent's letter declaring her resignation "officially rescinded." Plaintiff's handwritten letter, which was stamped "RECEIVED AUG 30 1982 SUPERINTENDENT OF SCHOOLS - 57," read as follows:

"August 25, 1982

Dear Dr. Sutter,
Please accept my resignation.

/s/ Joan M. Braught."

Also attached to the motion was Sutter's affidavit, in which he asserted that the 1982-83 school year commenced on or about August 27, 1982; that plaintiff failed to report to work at that time; that established policy and custom allowed Sutter, as superintendent, to immediately seek and hire a replacement teacher under an annual contract; that upon receipt of plaintiff's letter of resignation, Sutter hired a replacement teacher under a full-year contract; and that on September 20, 1982, the board acknowledged receipt of plaintiff's resignation.

On August 4, 1983, the trial court granted the defendants' motion to strike and dismiss with prejudice the complaint as to count I, stating: "In the Court's opinion, the resignation letter was effective as of

the date it was written. The replacement of the teacher during the school term by another teacher was tantamount to acceptance of the resignation." The plaintiff appeals.

██ The plaintiff contends that the trial court erred in granting the motion to dismiss as to count I because Illinois law prohibits a tenured teacher from resigning except by agreement with the board, and no such agreement existed between the plaintiff and the board. The School Code (Ill. Rev. Stat. 1981, ch. 122, par. 1—1 et seq.) provides, in pertinent part, as follows:

"Sec. 24—14. Termination of contractual continued service by teacher. No teacher who has entered upon contractual continued service may terminate such service during the part of the school year when school is in session nor for a period of 60 days just previous to the beginning of the school term *except by agreement of the board and the teacher.* No teacher entered upon contractual continued service shall be permitted to terminate it during any other part of the school year except by service upon the secretary of the board of written notice of the termination. Any teacher terminating said service not in accordance with this section is guilty of unprofessional conduct and liable to suspension of certificate, as provided under the law relating to the certification of teachers, for a period not to exceed 1 year." (Ill. Rev. Stat. 1981, ch. 122, par. 24—14.)

The crux of plaintiff's argument is that the board did not properly accept her resignation before she withdrew it and, therefore, there was no agreement as required by section 24—14. In support of her position, plaintiff relies in part on the following passage from Corpus Juris Secundum:

"A teacher's contract of employment may be terminated by his resignation, but the resignation, in order to be effective, must be offered by the teacher with intent to terminate his employment, to the board or officer having the power to remove or dismiss, and it must be accepted strictly in accordance with the terms of the offer by the board having the power to accept, acting as board." (78 C.J.S. *Schools & School Districts* sec. 206 (1952).)

In her brief, plaintiff omitted the statement which follows that passage:

"Acceptance may be made impliedly by the appointment of another person in the teacher's place, but, where the statute prescribes the procedure for acceptance, the acceptance must be made expressly in accordance with the prescribed procedure."

(78 C.J.S. *Schools & School Districts* sec. 206 (1952)).)

In the instant case, the School Code does not prescribe the procedure for acceptance of a teacher's resignation. Therefore, under the majority view cited by plaintiff, the hiring of her replacement constituted the board's implied acceptance of plaintiff's resignation. It follows that her agent's letter purporting to withdraw the resignation was ineffectual.[1]

The plaintiff contends that the replacement teacher was not hired until the board met on September 20, 1982, three days after she withdrew her "offer" to resign. She reasons that, because a board may not delegate to another party those matters of discretion that are vested in the board by statute (see *Illinois Education Association Local Community High School District 218 v. Board of Education* (1975), 62 Ill. 2d 127, 340 N.E.2d 7), such as employment of teachers (Ill. Rev. Stat. 1981, ch. 122, par. 24—1), Sutter's act in hiring the replacement did not constitute acceptance of her resignation. We disagree. As superintendent, Sutter was not "another party" to whom delegation of discretionary powers was prohibited, but rather an agent of the board. (See *Classroom Teachers Association v. Board of Education* (1973), 15 Ill. App. 3d 224, 304 N.E.2d 516.) As a corporate body, the board necessarily acts through its agents. (*Classroom Teachers Association v. Board of Education* (1973), 15 Ill. App. 3d 224, 304 N.E.2d 516.) The acts of an agent are considered in law to be those of the principal. (*John Deere Co. v. Metzler* (1964), 51 Ill. App. 2d 340, 201 N.E.2d 478.) Sutter stated in his affidavit that it was in accordance with established policy and custom that he hired a replacement teacher and that the board acquiesced to this action at its next meeting. We conclude that Sutter was acting within the scope of his authority as the board's agent. Under these circumstances, we find that Sutter's hiring of the replacement teacher constituted acceptance of and agreement to plaintiff's resignation, as required by section 24—14 of the School Code.

The plaintiff complains that the trial court's ruling denies the tenured teacher the opportunity to reassess an ill-advised decision to resign, which would avoid potential harm for the school district as well as loss of the teacher's livelihood. In our opinion, the harm created by a teacher who resigns and fails to report to work at the commencement of the school year would only be compounded by allowing her to

---

[1]We have examined the record and can find no indication of when the replacement was hired by Sutter; we presume from plaintiff's argument that the hiring occurred prior to the purported withdrawal of her resignation on September 17, 1982.

withdraw her resignation three weeks later. Ill-advised or not, a teacher's decision to resign at the start of the term presents severe problems for school administrators and requires immediate action to obtain a qualified replacement. (See *Arduini v. Board of Education* (1982), 92 Ill. 2d 197, 441 N.E.2d 73.) That the teacher is not afforded the opportunity to reassess her decision may be unfortunate for plaintiff, but is necessary for the proper administration of a school system.

■ Where the legislature has empowered a school board to perform certain functions, the courts will not interfere with the exercise of such powers nor substitute their discretion for that of the school board unless the board's action is palpably arbitrary, unreasonable or capricious. (*Tyska v. Board of Education* (1983), 117 Ill. App. 3d 917, 453 N.E.2d 1344.) We have found no indication of arbitrariness, unreasonableness or capriciousness on the part of the board in the case at bar. Therefore, we will not interfere with its decision to accept plaintiff's resignation and hire a replacement teacher. The trial court did not err in granting the defendant's motion to strike and dismiss as to count I of the complaint.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA and RIZZI, JJ., concur.