THE STATE, EX REL. MULLEN, APPELLANT, *v.* FAYETTEVILLE-PERRY LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

(No. CA88-04-006 — Decided September 19, 1988.)

*James R. Kirkland & Associates* and *Elaine M. Stoermer,* for appellant.

*Ennis, Roberts & Fischer Co., L.P.A.,* and *J. Michael Fischer,* for appellee.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Brown County.

This action comes before the court on an appeal of a summary judgment in which the complaint of relator-appellant, Joseph Michael Mullen, requesting back pay and reinstatement to his teaching position was dismissed.

The essential facts of the case are undisputed. During the 1986-1987 school year, appellant was employed by respondent-appellee, Fayetteville-Perry Board of Education, as a high school geography teacher under a continuing contract. On March 26, 1987, appellant notified the principal and superintendent of the school of his intention to resign his teaching position as soon as possible so he could begin work in sales with a private employer, Princeton Industries. The superintendent indicated appellant would be allowed to resign if a certified teacher could be hired to replace appellant.

That same day, appellant was notified that a teacher had been found who agreed to replace appellant for the remainder of the school year. Appellant therefore immediately tendered his resignation effective March 30, 1987. Appellant's last day of work for appellee was March 27, 1987.

On April 6, 1987, appellant began his first day of work for Princeton Industries. That evening, appellant called the superintendent and inquired whether appellee had acted on his resignation. When the superintendent advised appellant that appellee had not yet met for its regular meeting, appellant requested his resignation back. The superintendent asked appellant to meet with him the next day to discuss the situation. On April 7, 1987, appellant met with the superintendent and withdrew his resignation in writing. He again requested his resignation back. The superintendent, however, declined to return the resignation.

On April 9, 1987, appellee held its regularly scheduled meeting. Following a discussion with appellant, appellee voted four to one to accept the resignation of appellant effective March 30, 1987. On June 26, 1987, appellant filed a complaint in mandamus with the Court of Common Pleas of Brown County seeking to order appellee to reinstate him to his teaching position. Appellant also requested back pay.

The matter came before the court on motions for summary judgment filed on behalf of both parties. In a judgment entry dated March 16, 1988, the trial court denied appellant's motion and granted appellee's motion for summary judgment, finding that appellant had no legal right to reinstatement.

From the trial court's judgment, appellant initiated his appeal, arguing in his sole assignment of error that the trial court erred in granting summary judgment to appellee. Specifically, appellant argues the central issue is whether a resignation is effective if withdrawn prior to formal acceptance by the board of education, thus negating a tenured teacher's claim to reinstatement to his teaching position.

Under Civ. R. 56(C), summary judgment should only be granted when no genuine issue of material fact exists to be litigated; the moving party is entitled to judgment as a matter of law; and reasonable minds could come to but one conclusion from reviewing the evidence presented most strongly in favor of the nonmoving party, with the conclusion being adverse to that party.

Statutory law controls the manner in which a teacher may resign from a

teaching position during the school year. R.C. 3319.15 states in pertinent part:

"No teacher shall terminate his contract after the tenth day of July of any school year or during the school year, prior to the termination of the annual session, without the consent of the board of education * * *."

In the case *sub judice,* the board did consent to appellant's resignation. Appellant, however, contends the board's consent was ineffective because the consent was not given until after appellant withdrew his resignation.

In general, a resignation is not effective until it is accepted by the board of education. Thus, a resignation can be withdrawn at any time before it is acted upon by the board of education. *State, ex rel. Southward,* v. *Fostoria City School Dist. Bd. of Edn.* (1976), 46 Ohio St. 2d 340, 75 O.O. 2d 399, 348 N.E. 2d 715; *State, ex rel. Rutherford,* v. *Barberton Bd. of Edn.* (1947), 148 Ohio St. 242, 35 O.O. 222, 74 N.E. 2d 246, paragraph one of the syllabus.

Although appellee had not formally accepted appellant's resignation before it was withdrawn, appellee argues that appellant's abandonment of his position and cessation of his teaching duties severed his employment relationship with appellee, thus obviating the need for formal acceptance by appellee. In addition, appellee contends formal acceptance of the resignation was not necessary because appellee impliedly accepted appellant's resignation before it was withdrawn.

Several state courts have held that, under certain circumstances, the actions of a board of education taken in reliance on a tendered resignation may estop the withdrawal of the resignation even though the resignation was never formally accepted by the board. For example, in *Braught* v. *Bd. of Edn. of Mt. Prospect Pub. School Dist. No.*

57 (Ill. App. 1985), 136 Ill. App. 3d 486, 483 N.E. 2d 623, a teacher was estopped from withdrawing her resignation because the board, acting in reliance on the resignation, had hired a replacement. See, also, *Allen* v. *Lankford* (1984), 170 Ga. App. 605, 317 S.E. 2d 645; *Jarrett* v. *Shelby Cty. Bd. of Edn.* (Ala. 1977), 349 So. 2d 13; 78 Corpus Juris Secundum (1952) 1101-1102, Schools and School Districts, Section 206.

The record in the instant case shows appellee impliedly accepted appellant's resignation when a replacement was hired immediately to fill appellant's position. Therefore, appellant's attempt to withdraw the resignation was ineffective.

We also agree with appellee's position that appellant's abandonment of his teaching position also precluded appellant from later withdrawing his resignation. "A teacher's contract of employment may be terminated by his abandonment of the contract and the acceptance of, or acquiescence in, the abandonment by the school board. This constitutes a rescission of the contract by mutual agreement * * *." (Footnotes omitted.) 78 Corpus Juris Secundum, *supra,* at 1103.

The undisputed facts show appellant intended to abandon his teaching position in order to take a sales job with Princeton Industries. Appellant actually worked one day for his new employer. It was only after appellant's experience with his new employer that appellant decided to return to his teaching position. Appellant ceased his teaching duties on March 27, 1987 and did not attempt to return to his duties after he withdrew his resignation.

Therefore, we find that, as a matter of law, appellant's withdrawal of his resignation was ineffective because, prior to the withdrawal, appellant abandoned his teaching posi-

tion and appellee impliedly accepted the resignation by hiring a replacement for appellant. Accordingly, because the trial court did not err in granting summary judgment in favor of appellee, appellant's assignment of error is overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., HENDRICKSON and YOUNG, JJ., concur.